B 240 - Reaffirmation Agreement
(10/05))

# United States Bankruptcy Court

District of __Northern District Of Texas__

In re ___Raymond R. Cosme___,
Debtor

Case No. __0631209hjh7__
Chapter __7__

## REAFFIRMATION AGREEMENT

[Indicate all documents included in this filing by checking each applicable box.]

☑ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 4)
☑ Part B: Reaffirmation Agreement
☑ Part C: Certification by Debtor's Attorney

☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☑ Proposed Order Approving Reaffirmation Agreement

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

   Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:

   **SUMMARY OF REAFFIRMATION AGREEMENT**
   This Summary is made pursuant to the requirements of the Bankruptcy Code.

   **AMOUNT REAFFIRMED**

   a. The amount of debt you have agreed to reaffirm: $ 59,742.52

   b. All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above: $ 0.00

   c. The total amount you have agreed to reaffirm (Debt and fees and costs) (Add lines a. and b.): $ 59,742.52

Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.

UND421 (12-05) Bankruptcy Reaffirmation Agreement                    Page 1

## ANNUAL PERCENTAGE RATE

[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

   ---And/Or---

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   $_____ @ _____%;
   $_____ @ _____%;
   $_____ @ _____%;

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate under § 128 (a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: __13.43__ %.

   ---And/Or---

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   $_____ @ _____%;
   $_____ @ _____%;
   $_____ @ _____%;

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

UND422 (12-05) Bankruptcy Reaffirmation Agreement          Page 2

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| House | $63,878.51 |

Optional—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

**Repayment Schedule:**

__X__ (check if applicable) Your first payment in the amount of $ 926.79 is due on 04/06/06 (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

---Or---

__X__ (check if applicable) Your payment schedule will be: __121__ (number) payments in the amount of $ 926.79 each, payable (monthly, annually, weekly, etc.) on the __6th__ (day) of each __Month__ (week, month, etc.), unless altered later by mutual agreement in writing.

---Or---

_____ (check if applicable) A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

2. **INSTRUCTIONS AND NOTICE TO DEBTOR**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    Date of Loan: _____April 4, 2001_____
    Original Amount Financed (closed end only) $ ___63,878.51___
    Original Credit Limit (open end only) $ _____
    Original Annual Percentage Rate: _____13.43_____ %
    Fixed or Variable Rate _____Fixed_____

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

    _____
    _____
    _____

UN0424 (12-05) Bankruptcy Reaffirmation Agreement          Page 4

SIGNATURE(S):

Borrower:

RAYMOND COSME
(Print Name)

Raymond Cosme
(Signature)

4/27/06
(Date)

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

_____
(Date)

Accepted by creditor:

Justin Henderson
(Print Name)

Justin Henderson
(Signature)

4/28/06
Date of creditor acceptance:

PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

[Check each applicable box.]

☒ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ [If applicable and the creditor is not a Credit Union.] A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

HOWARD MARC SPECTOR
Printed Name of Debtor's Attorney

_____
Signature of Debtor's Attorney

4/27/06
Date

UN0425 (12-05) Bankruptcy Reaffirmation Agreement                    Page 5